UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NOEL DEAN (#309740)

VERSUS                                              CIVIL ACTION

HOWARD PRINCE, ET AL                                NUMBER 09-156-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 23, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NOEL DEAN (#309740)

VERSUS                                                    CIVIL ACTION

HOWARD PRINCE, ET AL                                      NUMBER 09-156-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince and Lt. Col. Clyde Spain.  Plaintiff alleged that he received a false disciplinary report in violation of constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff named Gov. Bobby Jindal as a defendant in the body of the complaint but failed to allege any facts against him.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff alleged that on September 9, 2008, he was involved in a fight with another inmate. Plaintiff alleged that he was issued a disciplinary report for simple fighting, a Rule 10 violation, but was found guilty of aggravated fighting, a Rule 11 violation. Plaintiff alleged that he was also issued a disciplinary report for possession of contraband, a Rule 1 violation.[1] Plaintiff alleged that the disciplinary report for the

---

[1] Plaintiff attached copies of the disciplinary report for possession of contraband and the disciplinary appeal decisions as exhibits to his complaint.

2

Rule 1 violation accused him of being in possession of a six inch piece of fence tie which was allegedly used in the September 9 aggravated fight. Plaintiff alleged that the disciplinary report for possession of contraband is false and argued that had prison officials discovered the weapon allegedly used in the aggravated fight criminal charges would have been lodged against him.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). The procedures include the use of information provided by confidential informants. These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

Because it is clear that the plaintiff's claims against the defendants have no arguable basis in fact or in law the claims against the current defendants should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C.

§1915(e)(2)(B)(i).

    Baton Rouge, Louisiana, March 23, 2009.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE